UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALIOUNE HASSANE, individually and in behalf of all other persons similarly situated,<br><br>                              Plaintiff,<br><br>                   –against–<br><br>ALBERT COST CUTTERS CORP. d/b/a FAT ALBERT,<br><br>                              Defendant. | 17 CV 4082 |

**COMPLAINT AND JURY DEMAND**

1.  The plaintiff, in behalf of other similarly situated current and former employees of the defendant who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), alleges that the defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendant are liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation, and such other relief available by law.

2.  The plaintiff further alleges, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendant violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendant is liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, and such other relief available by law.

3.  The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendant violated the same, N.Y. Lab. Law § 195(1)–(3), and that the plaintiff should be awarded of the defendant statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Alioune Hassane is and was at all relevant times an adult residing in Bronx County, New York.

8. The defendant Albert Cost Cutters Inc. d/b/a Fat Albert is and was at all relevant times a New York business corporation with its office in Bronx County.

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendant at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

10. The plaintiff and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendant's common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the putative party plaintiffs.

**STATEMENT OF FACTS**

11. At all relevant times, the defendant's business is a supermarket or grocery store doing business as Fat Albert and located at 600 East 138th Street, Bronx, New York.

12. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

13. The defendant has employed the plaintiff approximately from January 2017 through the present.

14. The defendant employs the plaintiff as a security officer.

15. The plaintiff works for the defendant approximately between forty and fifty-two hours per week.

16. The defendant promised to pay the plaintiff approximately $9.00 per hour through 2016, and then $11.00 per hour through the present. The defendant, however, pays the plaintiff approximately no wages for approximately between one and one and one-half hours per week, and has paid the plaintiff at the promised rate for the rest of the hours worked per week. Because the defendant does not pay the plaintiff for all hours worked, the plaintiff's hourly rate drops below the minimum wage each week.

17. The defendant pays the plaintiff in cash for the hours he works on Sundays and by check for the hours he works on the other days of the week.

18. The defendant willfully fails to pay the plaintiff the applicable minimum wage.

19. The plaintiff and party plaintiffs worked more than forty hours each workweek, yet the defendant willfully failed to pay the plaintiff and party plaintiffs overtime compensation of one and one-half times their regular rate of pay for all of the hours they worked above forty per workweek.

20. The plaintiff worked a spread of hours more than ten up to approximately two days per week, yet the defendant willfully failed to pay the plaintiff spread-of-hours compensation.

21. The defendant failed to provide the plaintiff with a notice and acknowledgment at the time of hiring.

22. The defendant failed to provide the plaintiff with a statement with each payment of wages.

23. Upon information and belief, while the defendant employed the plaintiff and party plaintiffs, the defendant failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiff and party plaintiffs were uninformed of their rights during such times.

24. Upon information and belief, while the defendant employed the plaintiff and party plaintiffs, the defendant failed to maintain accurate and sufficient records.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**

25. The plaintiff, on behalf of the plaintiff and party plaintiffs, realleges and incorporates by reference paragraphs 1 through 24 as if they were set forth again herein.

26. At all relevant times, the defendant, employers, employed the plaintiff and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

27. The business activities of the defendant are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

28. The enterprise of the defendant employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(i).

29. Upon information and belief, at all relevant times, the enterprise of the defendant has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(ii).

30. Therefore, upon information and belief, at all relevant times, the plaintiff and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A).

31. The defendant in many workweeks willfully and repeatedly violated and are violating the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed more than forty hours in a workweek.

32. By 29 U.S.C. § 216(b), the defendant are liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation.

33. The defendant failed to post notices of the defendant's employees' rights under the law, required by 29 C.F.R. § 516.4.

34. Because of the defendant's failure to post notices of the defendant's employees' rights under the law, the plaintiff and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendant failed to post such notices.

35. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act, within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

36. The plaintiff and party plaintiffs are further entitled to recover of the defendant an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF: MINIMUM WAGE ACT

37. The plaintiff realleges and incorporates by reference paragraphs 1 through 36 as if they were set forth again herein.

38. At all relevant times, the defendant, employers, employed the plaintiff, an employee, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

39. From December 31, 2015, to December 30, 2016, the applicable minimum wage was $9.00, and from December 31, 2016, to the present, $11.00, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.

40. The defendant violated and are violating the plaintiff's rights by failing to pay or underpaying the plaintiff the required minimum wage, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.

41. The defendant violated and are violating the plaintiff's rights by failing to pay or underpaying the plaintiff overtime compensation at a rate not less than one and one-half times the plaintiff's regular rate of pay for the hours the plaintiff worked more than forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

42.     The defendant violated and are violating the plaintiff's rights by failing to pay or underpaying the plaintiff spread-of-hours compensation, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

43.     The defendant's failure to pay the plaintiff the foregoing timely is a violation of section 191 of the New York Labor Law.

44.     By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendant are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and (3) spread-of-hours wages.

45.     The plaintiff are further entitled to recover of the defendant liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

46.     The defendant failed to post notices of the defendant's employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

47.     Because of the defendant's failure to post notices of the defendant's employees' rights under the law, the plaintiff are entitled to the equitable tolling of the plaintiff's claims during the time that the defendant failed to post such notices.

### THIRD CLAIM FOR RELIEF:
### WAGE THEFT PREVENTION ACT

48.     The plaintiff realleges and incorporates by reference paragraphs 1 through 47 as if they were set forth again herein.

49.     The defendant failed to furnish to the plaintiff, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any

doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

50. Due to the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiff should be awarded of the defendant statutory damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-b).

51. The defendant failed to furnish to the plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7.

52. Due to the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7, the plaintiff should be awarded of the defendant statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

53. Further, the defendant, including the defendant's officers, agents, employees, and those persons in active concert or participation with the defendant, should be permanently

enjoined from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d).

### FOURTH CLAIM FOR RELIEF: DECLARATORY RELIEF

54. The plaintiff realleges and incorporates by reference paragraphs 1 through 53 as if they were set forth again herein.

55. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiff may obtain declaratory relief.

56. The defendant violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

57. It is in the public interest to have these declarations of rights recorded.

58. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

59. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

### PRAYER FOR RELIEF

60. Wherefore, the plaintiff, on behalf of the plaintiff and party plaintiffs, prays this Court grant as relief:

    a.    designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29

U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the party plaintiffs;

    b.    a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

    c.    an award of unpaid or underpaid overtime compensation, due under the Fair Labor Standards Act;

    d.    an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

    e.    an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, due under the Minimum Wage Act and section 191 of the New York Labor Law;

    f.    an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

    g.    an award of statutory damages for the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

    h.    a permanent injunction restraining the defendant, including the defendant's officers, agents, employees, and those persons in active concert or participation with the defendant, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

  i. if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

  j. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

  k. an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and the New York Civil Practice Law and Rules, § 5003;

  l. an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

  m. such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of the plaintiff and party plaintiffs, demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
John M. Gurrieri
jmgurrieri@zellerlegal.com
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF**

Dated: New York, New York
   May 31, 2017