## SETTLEMENT AGREEMENT FOR FLSA CLAIMS

This Agreement and Release ("Agreement"), dated July 26, 2018, sets forth the mutual understanding between Alioune Hassane ("Hassane" or "Plaintiff"), and Albert Cost Cutters Corp. (d/b/a Fat Albert) ("Fat Albert" or "Defendant"), and Jose Kechek, regarding Plaintiff's employment at Fat Albert and the settlement of the FLSA claims he has or may have against Defendant.

**WHEREAS,** Plaintiff has filed a case against Defendant in the United States District Court, Southern District of New York, entitled *Alioune Hassane, individually and on behalf of those individuals similarly situated v. Albert Cost Cutters Corp. (d/b/a Fat Albert)*, Case No. 17-cv-04082(RJS) (the "Action");

**WHEREAS,** Defendant has denied all claims alleged in the Action;

**WHEREAS,** the parties mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth; and

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Plaintiff and Defendant, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act that Plaintiff has or may have in the future through the date of execution of this Agreement.

2. **Limited Release of All Fair Labor Standards Act Claims by Plaintiff.**

   (a)   **Release of Fair Labor Standards Acts Claims.** Plaintiff, on behalf of himself and his successors, assigns, heirs, executors, and administrators, knowingly and voluntarily releases and forever discharges Defendant, and any present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and its current and former employees, attorneys, officers, board members, directors, owners, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities, of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA"), which Plaintiff has or may have against Defendant, and also covenants not to file any claim or suit alleging a violation of the FLSA.

   (d)   **Collective/Class Action Waiver.** Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant is a party. In the event any class or collective action is brought against Defendant, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

1

(e)     Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

### 3. **Consideration.**

(a)     In exchange for the promises made herein by Plaintiff and subject to the United States District Court for the Southern District of New York's (the "Court") approval of this Agreement, Fat Albert agrees to pay to Plaintiff the gross total sum of Four Thousand Four Hundred and Ninety-Six Dollars and Eighty-Seven Cents ($4,496.87). The breakdown of the Settlement Funds shall be: $1,406.25 to the Law Office of Justin A. Zeller, P.C., and $3,090.62 to Alioune Hassane. The Settlement Funds shall be paid as follows:

> (i)  $1,498.95 (the "Initial Payment") to be paid within thirty (30) days of the Court's final approval of this Settlement Agreement. The breakdown of the Initial Payment shall be $468.75 to the Law Office of Justin A. Zeller, P.C., and $1,030.20 to Alioune Hassane, $515.10 representing wages and $515.10 representing liquidated damages.

> (ii) The remaining $2,997.92 to be paid in two (2) monthly installments of $1,498.96. The first installment payment shall be payable thirty (30) days following the preceding payment due date. The breakdown of the Settlement Funds shall be: $468.75 to Law Office of Justin A. Zeller, and $1,030.21 to Alioune Hassane, $515.10 representing wages and $515.11 representing liquidated damages, per installment.

(b)     The parties agree that 50% of all monies paid to Plaintiff shall constitute wages, for which an IRS form W-2 shall be issued and 50% constitute liquidated damages, for which an IRS form 1099-MISC shall be issued. Plaintiff shall receive from Defendant, and Defendant shall file with the Internal Revenue Service, a form W-2 and a form 1099-MISC reflecting payment to Plaintiff of that portion of the Settlement Funds designated as wages or liquidated damages, respectively, which was received by him in the prior calendar year. Plaintiff shall be responsible to pay all Federal, State and local taxes, if any, in connection with that portion of the Settlement Funds designated as liquidated damages which was paid him. Plaintiff may provide to Defendant's counsel IRS Form W-4 if he wishes to change his withholding. Plaintiff, for whom Defendant does not have a social security number, agrees to provide a taxpayer identification number on IRS form W-9, and meet all requirements of IRS form W-9 and the federal tax code. If Plaintiff does not provide a taxpayer identification number and completed IRS form W-9, Defendant shall make back-up withholdings on the nonwages portion of the Settlement Funds paid to Plaintiff.

(c)     Settlement Funds paid to the Law Office of Justin A. Zeller, P.C., if by order, shall be addressed to the same, and Settlement Funds paid to Plaintiff, if by order, shall be addressed to the same. Settlement Funds shall be sent to the Law Office of Justin A. Zeller, P.C.

(d)     Defendant shall issue a Form 1099-MISC to the Law Office of Justin A.

2

Zeller, P.C., reported in box 7, for Settlement Funds paid to the Law Office of Justin A. Zeller, P.C., and disbursed to Plaintiff, covering all Settlement Funds, and Plaintiff's counsel shall be solely responsible for any taxes owed on the Settlement Funds it is paid.

4. **Settlement Approval.** Plaintiff shall file a motion seeking the Court's approval of this Agreement. This Agreement is contingent and only effective upon the Court's approval of this settlement Agreement and dismissal of all of Plaintiff's claims, with prejudice.

5. In the event the Defendant defaults in payment of any of the Settlement Funds as set forth in Paragraph 3, then Plaintiff, after a written notice of such default to Defendant's attorneys, and such default not being cured within a ten (10) business day period, which period shall begin to run upon the mailing and emailing such notice to Defendant's counsel, whichever comes first, Plaintiff shall be entitled to have judgment before the United States District Court for the Southern District of New York or any other venue with jurisdiction against Defendant and Jose Kechek without further notice for the amount of $5,740.57 , minus any payments made by Defendant. Furthermore, in the event of default, Plaintiff will be entitled to seek reasonable attorney's fees, costs, and costs of collection. Defendant and Jose Kechek shall execute affidavits of confession of judgment in the amount of $5,740.57, and the Law Office of Justin A. Zeller, P.C., shall hold the same in escrow and may file the same in the United States District Court for the Southern District of New York or any other venue with jurisdiction in the event of a default not timely cured as set forth above.

6. This Action is discontinued with prejudice, without costs to any party against another (except as set forth in Paragraph 3), except that Plaintiff and Defendant agree that the United States District Court for the Southern District of New York shall have continuing jurisdiction over the interpretation and enforcement of the terms of this Agreement.

7. **Non-Admission of Wrongdoing.** Defendant denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendant. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendant of guilt or noncompliance with the Fair Labor Standards Act.

8. **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

9. **Covenant not to Sue.** Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against Defendant arising out of or relating to any allegation or claim (whether Plaintiff's or any other person's) concerning Plaintiff's employment with Defendant or any of its parents, subsidiaries or affiliates, unless directed by court order or subpoena. Plaintiff expressly agrees that if he breaches this section, and fails to cure said breach

within ten (10) days of receiving notice of breach from Defendant: (1) he will be responsible for any attorney's fees incurred by Defendant as a result of said breach; and (2) he shall immediately pay back to Defendant all monies paid to him under this Agreement.

10. **No Waiver**. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

11. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12. **Entire Agreement.**

    (a) This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiff has or may assert against Defendant and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

    (b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

    (c) Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

13. **Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary release of all of his FLSA claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle his FLSA claims, to waive all claims and to indemnify Defendant from any claims by or relating to Plaintiff.

14. **Representations.** Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

15. **Execution.**

    (a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Law Office of Justin A. Zeller. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Defendant under the FLSA. Plaintiff selected his counsel voluntarily;

4

        (b)    Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendant to execute this Agreement; and,

        (c)    This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed electronic copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendant until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT.**

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

PLAINTIFF:

_____
Alioune Hassane
Dated: July 26, 2018

DEFENDANT:

_____
Jose Kechek on behalf of himself and
Albert Cost Cutters Corp. (d/b/a Fat Albert)
Dated: July 26, 2018

6